Banking Law (chapter 369 of the Laws of 1914), those deposits having been made in the name of the depositor and another person, and in form to be paid to either or the survivor of them, the deposits and any additions made thereto by either of such persons upon the making thereof became the property of such persons as joint tenants, and became their property and payable to either during the lifetime of both, and to the survivor after the death of one of them. Therefore, both from the viewpoint of a valid gift, and of the vesting of title to the deposits in the survivor by operation of the Banking Law, the funds in question were the property of Mary F. McGiff, and not of the estate of the decedent. Any finding to the contrary, therefore, was unwarranted.

The decree appealed from will therefore be reversed, with costs to the appellant payable out of the decedent's estate, and the proceeding remitted to the Surrogate's Court for appropriate action in conformity herewith, that it may be adjudged that the deposits in question are the property of the appellant, and not of the estate. All concur.

---

(173 App. Div. 780)

PEOPLE ex rel. LONG ISLAND R. CO. v. PUBLIC SERVICE COMMISSION OF STATE OF NEW YORK, FIRST DIST., et al.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. RAILROADS ☞58—REGULATION—ESTABLISHMENT OF STATIONS—POWER OF PUBLIC SERVICE COMMISSION.

Under Public Service Commissions Law (Consol. Laws, c. 48) § 50, the establishment of railroad stations for the purpose of furnishing adequate facilities for the traveling public is peculiarly within the powers of the Public Service Commission.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 130, 131, 133, 135, 136; Dec. Dig. ☞58.]

2. RAILROADS ☞58—PUBLIC SERVICE COMMISSION—ORDERS—DISCRETION—JUDICIAL REVIEW.

The order of the Public Service Commission for the establishment of a railroad station will not be disturbed, unless it is clearly unreasonable and an abuse of discretion.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 130, 131, 133, 135, 136; Dec. Dig. ☞58.]

3. RAILROADS ☞58—REGULATION—PUBLIC SERVICE COMMISSION—ESTABLISHMENT OF STATION.

An order establishing railroad station seven-tenths of a mile distant from the nearest station on one side and eight-tenths of a mile distant from the nearest station on the other side which order did not regulate the time within which trains must stop at such station, was not unreasonable.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 130, 131, 133, 135, 136; Dec. Dig. ☞58.]

Certiorari by the People, on the relation of the Long Island Railroad Company, against the Public Service Commission of the State of New York for the First District and others, to review the order directing

the establishment of a station at South Street, Jamaica. Writ dismissed, and order affirmed.

See, also, 170 App. Div. 429, 156 N. Y. Supp. 198.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Louis J. Carruthers, of New York City, for relator.

Harry Myron Chamberlain, of New York City, for respondents.

PAGE, J. The order was made after a hearing before the Public Service Commission, in which witnesses were called in behalf of the petitioners and the relator. The principal complaint of the railroad company is that the establishment of this station, which is seven-tenths of a mile distant from the main Jamaica station, and eight-tenths of a mile from the Cedar Manor station, will cause a delay in the express service of the railroad, and that as the Long Island Railroad is a steam railroad, and not a street surface or interurban road, the regulation of its commutation traffic is peculiarly within the powers of the railroad and not of the state—citing People ex rel. N. Y. C. & H. R. R. Co., 215 N. Y. 241, 254, 109 N. E. 252.

[1-3] That case related to commutation tickets and the increase of rates, and is not applicable in any way to the present case. The establishment of stations, requiring adequate facilities for the traveling public, is peculiarly within the power of the Public Service Commission delegated by the Legislature. See section 50, Public Service Commissions Law. Unless this discretion is abused, and the order is clearly unreasonable, the commission's determination should not be disturbed. This order does not attempt to regulate the time within which trains must stop at this station, but merely requires the establishment of the station, and leaves the details of operation entirely within the control of the railroad company.

In our opinion the company has not shown that this requirement is unreasonable or unjust, and the writ should be dismissed, and the determination of the commission affirmed, with $50 costs and disbursements. Order filed. All concur.